IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Matthew Cullopy,<br><br>    Plaintiff,<br><br>v.<br><br>Stoneleigh Recovery Associates, LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:13-cv-03583<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Matthew Cullopy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Matthew Cullopy ("Plaintiff"), is an adult individual residing in Merrimack, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Stoneleigh Recovery Associates, LLC ("Stoneleigh"), is an

Illinois business entity with an address of 810 Springer Drive, Lombard, Illinois 60148, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Stoneleigh and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Stoneleigh at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Best Buy (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Stoneleigh for collection, or Stoneleigh was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Stoneleigh Engages in Harassment and Abusive Tactics**

## FACTS

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. Plaintiff initially spoke with a male representative of Defendants named Zack.

14. Zack used a rude and aggressive tone with Plaintiff to intimidate and harass

2

Plaintiff into payment of the Debt.

15. During such conversation, Zack stated he was calling to collect on money that Plaintiff had taken from Best Buy and demanded immediate payment.

16. Plaintiff said that he could set up a payment arrangement that evening when his girlfriend came home.

17. Zack responded by yelling that there would be "no payment plan" or any "favors" for Plaintiff, and that Plaintiff did not want to know what "repercussions" would occur for non-payment of the Debt.

18. The above threats and statements were false, deceptive and harassing and broke the law.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

abusive language when speaking with the consumer.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT**
**225 ILCS 425/1,** *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

29. Stoneleigh Recovery Associates, LLC, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

30. The Defendants' conduct violated 225 ILCS 425/9(a)(16) in that Defendants used profane, obscene or abusive language in communicating with the Plaintiff, his or her family or others.

31. The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 14, 2013

                        Respectfully submitted,

                        By  */s/ Sergei Lemberg*

                        Sergei Lemberg, Esq.
                        LEMBERG & ASSOCIATES L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile:  (203) 653-3424
                        Attorney for Plaintiff